United States District Court
Eastern District of Arkansas
Eastern Division

**Johnny Banks**                                                                  **Plaintiff**

v.            Case No. 4:18-cv-00259-BSM

**Shelby Hawkins,**                                                               **Defendants**
**in his individual Capacity;**

**City of Shannon Hills, Arkansas**

### The Plaintiff's Motion for Summary Judgment

1. On February 28, 2018, Johnny Banks ("Mr. Banks") sued Shelby Hawkins ("Officer Hawkins") and the City of Shannon Hills, Arkansas, asserting claims of excessive force in violation of the Fourth Amendment; race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment; negligent hiring; failure to train; and ratification. (Compl., ¶¶ 55-86, Feb. 18, 2018, ECF No. 1). On July 1, 2019, Mr. Banks amended his complaint to make it explicit that he is suing Officer Hawkins in his individual capacity. (Am. Compl., ¶ 5, July 1, 2019, ECF No. 27).

2. On February 17, 2017, Officer Hawkins used excessive force when he shot Mr. Banks because Mr. Banks had not committed a crime, he was not suspected of having committed a crime, he did not pose an immediate threat to anyone, and he did not resist or evade Officer Hawkins. *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

3. On February 17, 2017, the law was clearly established that a police officer responding to what he thinks is an emergency cannot automatically shoot a

person who does not pose an immediate threat to the officer or to others, therefore, Officer Hawkins is not entitled to qualified immunity. *Thompson v. Dill*, No. 17-3358, 2019 WL 3294010, at *1-5 (8th Cir. July 23, 2019); *Ellison v. Lesher*, 796 F.3d 910, 913-918 (8th Cir. 2015); *Cole v. Hutchins*, No. 4:17CV00553 JLH, 2019 WL 903844, at *1-4 (E.D. Ark. Feb. 22, 2019); *Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 465-473 (E.D.N.Y 2016); *Roccisano v. Twp. of Franklin*, No. 11–6558(FLW), 2013 WL 3654101, at *1-10 (D.N.J. July 12, 2013); *Johnson v. Town of Nantucket*, 550 F. Supp. 2d 179, 180-185 (D. Mass 2008); *Pagan v. Twp. of Raritan*, No. 04–1407(FLW), 2006 WL 2466862, at *1-7 (D.N.J. Aug. 23, 2006).

4. The City of Shannon Hills is liable for the damages Officer Hawkins caused Mr. Banks because had the SHPD done an adequate background check, it would have never hired him in the first place. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694-695 (1978).

5. The City of Shannon Hills is liable for the damages Officer Hawkins caused Mr. Banks because Chief Spears failed to adequately train Officer Hawkins. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

6. Viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact, therefore, Mr. Banks is entitled to judgment as a matter of law. *Wells Fargo Home Mortg., Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010) (quoting *Henning v. Mainstreet Bank*, 538 F.3d 975, 978 (8th Cir. 2008)).

7. This motion is accompanied by a supporting brief.

                                          Respectfully submitted,

                                          John W. Walker, Sr.
                                          Ark. Sup. Ct. Reg. No. 64046
                                          Attorney for the Plaintiff, Johnny Banks
                                          John W. Walker, P.A.
                                          1723 Broadway Street
                                          Little Rock, Arkansas 72206-1220
                                          Telephone 501.374.3758
                                          Email johnwalkeratty@aol.com