**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JOHNNY BANKS**                                                                                                   **PLAINTIFF**

v.                                          **CASE NO. 4:18-CV-00259 BSM**

**SHELBY HAWKINS;
CITY OF SHANNON HILLS**                                                                            **DEFENDANTS**

**ORDER**

Defendants' motion for summary judgment [Doc. No. 44] is granted on Johnny Banks's equal protection, negligent hiring, failure to train, and ratification claims, and denied on Banks's excessive force claim. Banks's cross-motion for summary judgment [Doc. No. 52] is denied.

I. BACKGROUND

Johnny Banks and his wife, Vanessa, had a heated argument in their home over an anonymous letter she received accusing him of infidelity, and Vanessa called 911. Defs. Statement of Facts ("Defs. F.") ¶¶ 1–2, 10, 12, Doc. No. 49; Pl.'s Statement of Facts ("Pl. F.") ¶¶ 2–3, 5-6, Doc. No. 51. Although Vanessa failed to speak to the 911 operator, the operator could hear yelling in the background. Defs. F. ¶¶ 14–16; Pl. F. ¶ 8. The City of Shannon Hills Police Officer Shelby Hawkins was dispatched to the Banks's home to investigate a domestic disturbance and a 911 hang-up call. Defs. F. ¶¶ 17–18; Pl. F. ¶ 8.

Hawkins knocked on the front door and announced his presence multiple times, but his knocks went unanswered. Defs. F. ¶ 42; Pl. F. ¶ 13. Hawkins heard noises and what he

described as muffled "no's." Defs. F. ¶¶ 36–37, 39; Pl. F. ¶¶ 14–15.  Hawkins pulled his gun and began kicking the door.  Defs. F. ¶¶ 48–49; Pl. F. ¶ 17.  When Banks opened the door, something hit Hawkins on the head, and Hawkins shot Banks in the leg.  Defs. F. ¶¶ 55, 62, 73; Pl. F. ¶¶ 18, 23–26, 35.

Banks alleges that Hawkins and the City of Shannon Hills violated his right to be free from excessive force and his right to equal protection.  Banks alleges that the City negligently hired and failed to train Hawkins, and that the City ratified Hawkins's actions. Banks, Hawkins and the City move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).  All reasonable inferences must be drawn in a light most favorable to the nonmoving party, *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007), but a plaintiff's own self-serving, conclusory allegations in

an affidavit or deposition, standing alone, are insufficient to defeat summary judgment. *Haas v. Kelly Services*, 409 F.3d 1030, 1034 (8th Cir. 2005). Finally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

A.  <u>Excessive Force</u>

All parties' motions for summary judgment are denied as to Banks's excessive force claim because there are genuine disputes of fact that must be resolved.

In determining whether an officer's use of force is constitutional, one must determine whether the force was objectively reasonable from the perspective of an officer on the scene. *See Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). In making this determination, courts consider the severity of the crime at issue, whether the suspect posed an immediate threat to the officer or others, and whether the suspect resisted or attempted to evade arrest. *See id*.

The parties present conflicting versions of the events that led Hawkins to shoot Banks. They dispute the state of affairs outside the Banks's residence when Hawkins arrived. Defendants claim Hawkins heard multiple muffled screams, which led him to believe a domestic disturbance was taking place inside. Defs. F. ¶ 42. Banks asserts that Hawkins heard a noise, but not a voice, before knocking on the door. Dep. Hawkins at 56, 63.

The parties also dispute Banks's demeanor when he opened the door. Defendants claim that Banks forcefully opened the door with his arm raised and cursed at Hawkins right

before Hawkins was struck in the head by a metal sign hanging above the door. Defs. F. ¶¶ 42–45. Defendants assert that, when Hawkins was struck, he reflexively shot Banks out of fear for his safety. *Id*. Banks claims that all he did was open the door and that Hawkins instantaneously shot him. Pl. F. ¶ 18.

These conflicting versions of events create a factual dispute that may support different outcomes. Summary judgment is therefore inappropriate.

B.    Equal Protection

Defendants' motion for summary judgment is granted and Banks's motion for summary judgment is denied as to Banks's claim that Hawkins violated his right to equal protection under the law.

Banks, who is black, has offered nothing more than a conclusory assertion that Hawkins, who is white, shot him due to his race. Am. Compl. ¶¶ 63–65; *see Jenkins*, 540 F.3d at 750. This is not enough to support an equal protection violation. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268–71 (1977) (holding that defendant acted with a discriminatory purpose and his actions had a discriminatory effect); *see also Johnson v. Crooks*, 326 F.3d 995, 999–1000 (8th Cir. 2003) (holding that the district court erred in failing to dismiss plaintiff's equal protection claim when she offered no evidence that the officer only stopped black drivers). Because Banks has offered no evidence supporting his equal protection claim, defendants' motion for summary judgment is granted and Banks's motion for summary judgment is denied.

C. <u>Qualified Immunity</u>

Qualified immunity is denied on Hawkins's excessive force claim. Whether Hawkins is immune from Banks's equal protection claim is not addressed because summary judgment has been granted on that claim.

Police officers are immune from suit unless they violate a clearly established right. *See Estate of Morgan v. Cook*, 686 F.3d 494, 496 (8th Cir. 2012). Summary judgment is denied on Banks's individual capacity claim against Hawkins because factual disputes preclude findings of both qualified immunity and summary judgment. Evaluating a claim of qualified immunity requires a determination of whether the facts shown by the plaintiff make out a violation of a clearly established constitutional or statutory right. *See Cook*, 686 F.3d at 496. Qualified immunity is inappropriate when a genuine dispute exists concerning facts material to the issue of qualified immunity. *See Pace v. City of Des Moines*, 201 F.3d 1050, 1056 (8th Cir. 2000).

Individuals have a right to be free from excessive force if a reasonable officer could not believe that the individual posed a serious threat to the officer or others. *Compare Ellison v. Lesher*, 796 F.3d 910, 917 (8th Cir. 2015) (holding that an officer did not have qualified immunity for shooting an elderly man in his home when her only rationale for shooting was that he charged at her while swinging a cane), *with Mullenix v. Luna*, 136 S. Ct. 305, 312 (2015) (holding that an officer had qualified immunity for shooting a suspect fleeing arrest who was driving over 100 mph, possibly drunk, had threatened to kill officers pursuing him, and was driving towards another officer).

Whether Hawkins reasonably thought Banks was a serious and immediate threat is in dispute. Defs. F. ¶¶ 42–45; Pl. F. ¶¶ 18, 31. When the parties dispute the officer's reasonableness in using force, qualified immunity for the officer's use of force is inappropriate. *See Craighead v. Lee*, 399 F.3d 954, 963 (8th Cir. 2005).

D.  Negligent Hiring

Defendants' motion for summary judgment is granted and Banks's motion for summary judgment is denied on Banks's negligent hiring claim against the City because there is no evidence supporting this claim.

A city is liable for its employee's unconstitutional conduct under a negligent hiring theory if adequate review of an applicant's background would have led reasonable policymakers to conclude that hiring the applicant would lead to a violation of a federal right, and that violation actually occurs. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 411 (1997); s*ee also Morris v. Crawford Cty.*, 299 F.3d 919, 924–25 (8th Cir. 2002). Banks argues that the City negligently hired Hawkins because the chief of police failed to personally review Hawkins's personnel file from his previous employer, another police department. Dep. Allen Spears at 19–22. Banks does not argue that the chief would have concluded that Hawkins was likely to violate anyone's rights had the chief read the file. *See Brown*, 520 U.S. at 411. In response, the City presents proof that it took the following steps to assure that Hawkins would be a competent officer: (1) it performed a background investigation of Hawkins; (2) it interviewed Hawkins; (3) it confirmed Hawkins's psychological examination; and (4) it confirmed his police training certifications. Defs. Br.

Supp. Summ. J. at 24–25.  Banks does not dispute these contentions.

    E.    <u>Failure to Train</u>

Defendants' motion for summary judgment is granted and Banks's motion for summary judgment is denied on Banks's failure to train claim against the City.

To succeed on his failure to train claim, Banks must show that his rights were violated as a result of Hawkins's deliberate indifference, and that Hawkins's deliberate indifference was a direct result of the City's failure to train Hawkins.  *See Andrews v. Fowler*, 98 F.3d 1069, 1076–77 (8th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 389–90 (1989)).  Training policies are deliberately indifferent if the need for more or different training is so obvious that a reasonable policymaker could conclude that a violation of a federal right would result.  *See id*.  A pattern of similar constitutional violations by untrained employees is usually necessary to show deliberate indifference.  *See Connick v. Thompson*, 563 U.S. 51, 62–64 (2011) (holding that four overturned convictions based on *Brady* violations statewide did not constitute a pattern sufficient to make a city liable for not training its prosecutors on *Brady* obligations).

It is undisputed that Hawkins was not trained on how to conduct forcible entries.  Pl.'s Br. Supp. Summ. J. at 34; Defs. Resp. to Pl's F. at 27, Doc. No. 62.  The lack of specific training, alone, does not create liability for the City.  Nothing indicates the City's officers engaged in a pattern of using excessive force in forcible entries.  The City was therefore not deliberately indifferent to a demonstrated risk that its officers lacked adequate training.

F.    <u>Ratification</u>

Defendants' motion for summary judgment is granted and Banks's motion for summary judgment is denied on Banks's claim that the City ratified Hawkins's conduct.

The City may be held liable for Hawkins's actions if the City's final policymakers approved Hawkins's conduct and his basis for his actions. *See Soltesz v. Rushmore Plaza Civic Center*, 847 F.3d 941, 947 (8th Cir. 2017) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). In Arkansas, the city council and mayor are the final policymakers for cities. Ark. Code Ann. § 14-52-101 (2019). Nothing indicates the city council or mayor was aware of Hawkins's conduct, much less that either approved of his conduct or the reasons why he took those actions. Therefore, the City's final policymakers did not ratify Hawkins's conduct or rationale for his actions.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 44] is granted as to Banks's equal protection, negligent hiring, failure to train, and ratification claims, and denied as to Banks's excessive force claim. Banks's cross-motion for summary judgment [Doc. No. 52] is denied.

IT IS SO ORDERED this 26th day of September 2019.

                                                                     UNITED STATES DISTRICT JUDGE